### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **Driving Innovation LLC,** | |
| Plaintiff, | Civil Action No. 2:26-cv-00427 |
| v. | |
| **KIA CORPORATION AND KIA AMERICA, INC**<br>Defendants. | **JURY TRIAL DEMANDED** |

### <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Driving Innovation LLC hereby files this Complaint for Patent Infringement and Damages against Kia Corporation and Kia America, Inc. (collectively, "Defendants" or "Kia")., and would respectfully show the Court as follows:

### <u>PARTIES</u>

1.      Plaintiff Driving Innovation LLC ("DI" or "Plaintiff") is a Delaware corporation with its registered agent at 2435 North Central Expressway, 12th Floor, Richardson, TX 75080.

2.      On information and belief, Defendant Kia Corporation is a Korean corporation with its principal place of business at 12 Heolleung-ro, Seocho-gu, Seoul, 06797, Republic of Korea. On information and belief, Kia Corporation does business itself, or through its subsidiaries, affiliates, and agents in Texas, including in this judicial district. On information and belief, Kia Corporation is responsible for importing, making, marketing, distributing, offering for sale, and selling Kia-branded automobiles throughout the United States, including this judicial district.

3.      On information and belief, Defendant Kia America Inc. is a wholly owned subsidiary of Defendant Kia Corporation.  On information and belief, Kia America, Inc. is a corporation organized and existing under the laws of California. On information and belief, Kia

America, Inc. maintains a regular and established place of business in this judicial district, including its Southwest Regional offices located at 5810 Tennyson Parkway, Plano, Texas 75024. Defendant Kia America Inc. is registered to do business in the state of Texas and can be served via its registered agent CT Corporate System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, Defendant Kia America, Inc. is responsible for marketing, distributing, offering for sale, and selling Kia-branded automobiles (including those practicing the Accused Methods, discussed below) throughout the United States, including this judicial district.

4.      On information and belief, Kia directly develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services as set forth in this complaint. This includes but is not limited to Kia's navigation computers and associated software and hardware modules, Kia Connected Profiles, Kia Digital Key 2 Touch, User Profile System, Kia UVO Audio System, Kia Car Infotainment System, Kia Access system, Kia Connect, and related products.

## JURISDICTION AND VENUE

5.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

6.      This Court has federal subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7.      DI's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

8.      Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts and/or have engaged in continuous and systematic activities in the

forum as a result of business conducted within Texas, including in the Eastern District of Texas. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. and principles of due process. Personal jurisdiction also exists over Defendants because on information and belief each, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within Texas, including in the Eastern District of Texas, that infringe one or more claims of United States Patent Nos. 7,454,545, 7,822,613, 7,890,255, and 8,467,962 (herein referred to as the "Patents-In-Suit" or the "DI Patents").

9.    All allegations and support thereof regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

10.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendants make, use, sell, offer to sell, and/or import products and/or services that are accused of infringing the Patents-In-Suit into and/or within this District and have a regular and established place of business within this District.

11.    Defendants have solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendants' infringement of the Patents-In-Suit. On information and belief, Defendants employ individuals within this District whose roles and responsibilities include sales and marketing of the Accused Products and/or Methods, including the features and functionalities identified in the attached Exhibits annexed hereto.

12.    Venue is proper as to Kia America, Inc., which is registered to do business in Texas. Kia America, Inc. has a regular and established place of business in this District, including at 5810 Tennyson Parkway, Plano, Texas 25204.

13.     Venue is also proper because, on information and belief, Defendants are registered with the Texas Secretary of State to do business in the State of Texas. Defendants also have authorized sellers and sales representatives that offer for sale and sell infringing products to consumers throughout Texas and in this District.

14.     Venue is also proper as to Kia Corporation because it is a foreign corporation and organized under the laws of Korea, with its principal place of business in Korea, and lawsuits against foreign entities are proper in any judicial district. *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

15.     Kia America, Inc. and Kia Corporation may be joined here because (1) any right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling the same Accused Instrumentalities (as discussed in more detail below) and (2) questions of fact common to both Defendants will arise in this action.

16.     On information and

## **THE PATENTS-IN-SUIT**

17.     On November 18, 2008, United States Patent No. 7,454,545 B2 ("the '545 patent"), entitled "Individual-adaptive system and information distribution device based on a cellular telephone," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Atsushi Kohno, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '545 patent is attached hereto as **Exhibit A**.

18.     On October 26, 2010, United States Patent No. 7,822,613 B2 ("the '613 Patent"), entitled "Vehicle-Mounted Control Apparatus and Program that Causes Computer to Execute

Method of Providing Guidance on the Operation of the Vehicle-Mounted Control Apparatus," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Tsutomu Matsubara, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '613 Patent is attached hereto as **Exhibit B**.

19.     On February 15, 2011, United States Patent No. 7,890,255 B2 ("the '255 patent"), entitled "Navigation Apparatus," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Tomoya Ikeuchi, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '255 patent is attached hereto as **Exhibit C**.

20.     On June 18, 2013, United States Patent No. 8,467,962 ("the '962 patent"), entitled "Navigation System and Lane Information Display Method," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Takashi Irie, et al and assigned to Mitsubishi Electric Corporation, Tokyo (JP). A true and correct copy of the '962 patent is attached hereto as **Exhibit D**.

21.     Each of the Patents-in-Suit – the '545, '613, '255, and '962 patents – claims patent-eligible subject matter and is presumed valid and enforceable under 35 U.S.C. §282.

22.     Regarding the '545 Patent, in addition to being directed to patent-eligible subject matter – the improvement of an individual adaptive system using cellular telephone – the '545 Patent further provides an "inventive concept" by claiming both the unconventional use of a cellular telephone in 2001 to store and transmit user data for the individual adaptive system but also the unconventional arrangement of using a cellular telephone to trigger the control of the individual adaptive system to a particular user.

23.      Regarding the '613 Patent, in addition to being directed to patent-eligible subject matter – the improvement an automotive voice recognition system using a specific more efficient voice training and programming method – the Patent further provides an "inventive concept" by claiming a specific and unconventional improvement to the manner in which conventional systems operate – both improving system functionality and usability.

24.      Regarding the '255 Patent, in addition to being directed to patent-eligible subject matter – improvement of a navigation system using a particular set of rules to more efficiently update map data than prior conventional methods – the Patent further provides an "inventive concept" by claiming a specific and unconventional improvement to the manner in which conventional systems operate – both improving system functionality and efficiency.

25.      Regarding the '962 Patent, in addition to being directed to patent-eligible subject matter – improvement of a navigation system using distinct road features in acquired map data to more efficiently display map data to a user than prior conventional methods – the Patent further provides an "inventive concept" by claiming a specific and unconventional improvement to the manner in which conventional systems operate – both improving system functionality and efficiency.

26.      DI is the exclusive owner by assignment of all rights, title, and interest in each of the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patents-in-Suit.

27.      Defendants do not have a license to any of the Patents-in-Suit, either expressly or implied. On information and belief, Defendants have sold Accused Products (defined below)

utilizing components, which, as incorporated into Defendants' Accused Products, are not covered by a license or other grant to or under any of the Patents-in-Suit.

28.     Plaintiff has fulfilled its obligations, if any, under 35 U.S.C. § 287.

29.     Specifically, Plaintiff and, on information and belief, its predecessors-in-interest, has at all times complied with any applicable marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

30.     On information and belief, Plaintiff's predecessors-in-interest at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

31.     Representative claim charts showing a sample of infringement of one claim of each of the Patents-in-Suit by the Accused Products and/or Accused Methods are appended to this Complaint as **Exhibits E-H**.

**ACCUSED PRODUCTS**

32.     Defendants make, use, sell, offer to sell, test, design, distribute, and/or import into the United States, user authentication and Kia's navigation computers and associated software and hardware modules. Among other things, Kia's Audio-Visual and Navigation Systems incorporate platforms that combine car navigation with advanced features, audio visual control components, and interaction with a user's mobile device.

33.     Hereafter, the terms "Accused Products" and "Accused Methods" refer to all products (including but not limited to software, hardware, network architectural design) manufactured, used, tested, imported, sold or offered to sell by or on behalf of Defendant practicing the Patents-in- Suit and all processes employed by Defendant that practice the patents-in-suit, consisting of, without limitation, at least: all series of Kia Connected Profiles, Kia Digital Key 2 Touch, Kia User Profile System, Kia UVO Audio System, Kia Car Infotainment System, Kia

7

Access system, Kia Access App, Kia Connect, Kia Connect Services, Kia Navigation Updater, and all associated platforms and the processes performed thereby.

34.    Defendants have knowingly (since at least the date of this Complaint) and willfully infringed the Patents-in-Suit and have actively aided, abetted, and induced others to directly infringe the Patents-in-Suit (such as its customers in this District and throughout the United States).

35.    In 1998, Hyundai Motor Company ("Hyundai), a Korean company, acquired a controlling interest in Defendant Kia Corporation. On information and belief, Defendants and Hyundai "share information and technology," including patent analyses, knowledge of competitors' patents, and technology developed by competitors. *See  Paice LLC v. Hyundai Motor Co.*, CIV. WDQ–12–0499, 2013 WL 6709023, *1 (D.Md. Dec.17, 2013).

36.    Hyundai and Defendants formed Hyundai Motor Group ("HMG").

37.    Hyundai and Defendants are major rivals of Mitsubishi in the automative vehicle industry.

38.    On information and belief, Defendants have actively followed, analyzed, and reviewed technology developed by Mitsubishi via actively monitoring Mitsubishi's patent portfolio, including the Patents-in-Suit.

39.    Defendants have pre-suit notice of the Patents-in-Suit because the technology claimed in the Patents-in-Suit was originally invented by and assigned to Mitsubishi. For example, Defendants have cited numerous Mitsubishi patents or patent publications in information disclosure statements during the prosecution of their own patent applications.

40.    In addition, on information and belief, Defendants have received information from Hyundai regarding Mitsubishi's patent portfolio and its technological developments, including those claimed in the Patents-in-Suit. For example, the '613 Asserted Patent is cited on the face of

Hyundai's U.S. Patent No. 11,580,958 B2. On information and belief, Hyundai transferred its knowledge of the '613 Asserted Patent to Defendants. Other examples of Kia citing patents from Mitsubishi Electric in its own patent filings include Kia's US8504231B2 (System and Method for Controlling Travel of Hybrid Electric Vehicle in an Emergency, citing Mitsubishi's US20110166736A1), and Kia's US10377237B2 (Apparatus and Method for Controlling LDC in Electric Vehicle, citing Mitsubishi's US9793749B2).

41.     On information and belief, Hyundai narrowed its technological capability gap with Mitsubishi by copying Mitsubishi's technology developed and protected by Mitsubishi's patents, including the Patents-in-Suit. *See generally* C. Oh and S.H. Joo, S. H, Is the technological capability gap between Hyundai and Mitsubishi converging or diverging? Findings from patent data analysis, 23 *Asian Journal of Technology Innovation*, 109-128 (2015).  Exhibit [[XX]].

42.     On information and belief, Korean vehicle manufacturers like Hyundai initially adopted their technology from Mitsubishi through technology transfer agreements with Mitsubishi. *See Id.*

43.     On information and belief, Hyundai has continued to adopt (and shared with its subsidiaries such as Defendants) Mitsubishi-developed technology, including those in the Patents-in-Suit.

44.     On information and belief, Defendants being on notice of the Patents-in-Suit, both directly and through Hyundai, implement the technology claimed in the Patents-in-Suit in the Accused Products and Accused Methods.

45.     On information and belief, Defendants have recommended, encouraged, or promoted an infringing use, or have suggested that an infringing use should be performed, through instruction manuals, blog posts, and other technical documents as well as videos promoted by

Defendants. In addition, on information and belief, Defendants advertised an infringing use, having the knowledge of the Patents-in-Suit and the technology claimed therein.

46.     Defendants also sell or otherwise provide to its customers, dealers, or distributors components (software or hardware) that can be only used in the Accused Products and Accused Methods. By way of example, and without limitation, Defendants provide software and software updates to its Kia Car Infotainment System that has no use other than infringing the Asserted Claims.

## COUNT I
## PATENT INFRINGEMENT OF THE '545 PATENT

47.     Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

48.     Defendants, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '545 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products .

49.     Defendants caused DI damage by infringing one or more claims of the '545 patent.

50.     Defendants have knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

51.     Representative claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim of the '545 patent is infringed by one or more of the Accused Products. This provides details, including inducement of infringement by providing instruction via at least the user manual found at http://webmanual.kia.com/ccNC/AVNT/KOR/English/Userprofile.html, regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at

the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## COUNT II
## PATENT INFRINGEMENT OF THE '613 PATENT

52.     Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

53.     Defendants, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more method claims of the '613 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

54.     Defendants caused DI damage by infringing one or more claims of the '613 patent.

55.     Defendants have knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

56.     Representative claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim of the '613 patent is infringed by one or more of the Accused Methods. This provides details, including inducement of infringement by providing instruction via at least the user manual found at http://webmanual.kia.com/STD_GEN5_WIDE/AVNT/EU/English/voicerecognitionsystem.html, regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained

11

**COUNT III**
**PATENT INFRINGEMENT OF THE '255 PATENT**

57.    Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

58.    Defendants, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more method claims of the '255 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

59.    Defendants caused DI damage by infringing one or more claims of the '255 patent.

60.    Defendants have knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

61.    Representative claim chart attached hereto as Exhibit G describes how the elements of an exemplary claim of the '255 patent is infringed by one or more of the Accused Methods. This provides details, including inducement of infringement by providing instruction via at least the user manual found at http://webmanual.kia.com/STD_GEN5W/AVNT/MID/English/006_Navigation_basic.html#dd2e 5227, regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

**COUNT IV**
**PATENT INFRINGEMENT OF THE '962 PATENT**

62.    Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

63.     Defendants, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more method claims of the '962 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

64.     Defendants caused DI damage by infringing one or more claims of the '962 patent.

65.     Defendants have knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

66.     Representative claim chart attached hereto as **Exhibit H** describes how the elements of an exemplary claim of the '962 patent is infringed by one or more of the Accused Methods. This provides details, including inducement of infringement by providing instruction via at least the user manual found at http://webmanual.kia.com/STD_GEN5/AVNT/KOR/English/navigationrouteguidance.html, regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Driving Innovation LLC, Inc. respectfully requests the following relief:

A.     A judgment that Defendants have directly infringed either literally and/or under the doctrine of equivalents and continues to directly infringe the DI Patents set forth in this Complaint;

13

B.      A judgment that Defendants have actively induced infringement and continues to induce infringement of the DI Patents set forth in this Complaint;

C.      A judgment that Defendants have contributorily infringed and continues to contributorily infringe the DI Patents set forth in this Complaint;

D.      A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including without limitation both convoyed and derivative sales, as well as supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      A judgment that Defendants' infringement of each of the DI Patents is willful;

F.      A judgment that Defendants' infringement of enhanced damages pursuant to 35 U.S.C. § 284;

G.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

H.      An accounting for acts of infringement and supplemental damages for infringement and/or damages not presented at trial, including, without limitation, pre-judgment and post-judgment interest on the damages awarded;

I.      A judgment and order awarding a compulsory ongoing royalty;

J.      A judgment and order awarding Plaintiff costs associated with bringing this action;

K.      All equitable relief the Court deems just and proper; and

L.      Such other relief which may be requested and to which the Plaintiffs are entitled.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Driving Innovation LLC Inc. hereby demands a trial by jury on all issues so triable.

14

Date: May 26, 2026       Respectfully Submitted,

*/s/ Jayme Partridge*
Jayme Partridge
Texas Bar No. 17132060
Jayne C. Piana
Texas Bar No. 24027142
Patrick M. Dunn
Texas Bar No. 24125214
Austin Ciuffo
Texas Bar No. 24139142
**BROWN RUDNICK LLP**
609 Main Street, Suite 3550
Houston, TX 77002
Tel: (281) 815-0511
Fax: (281) 605-5699
jpartridge@brownrudnick.com
jpiana@brownrudnick.com
pdunn@brownrudnick.com
aciuffo@brownrudnick.com

Ian G. DiBernardo
New York Bar No. 2780989
Harold S. Laidlaw
New York Bar No. 5344296
**BROWN RUDNICK LLP**
Times Square Tower, 47th Fl.
7 Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
idibernardo@brownrudnick.com
hlaidlaw@brownrudnick.com

Homayoon Rafatijo
Missouri Bar No. 74800
John Spisak
Missouri Bar No. 74985
**BROWN RUDNICK LLP**
1900 N Street NW
Washington, D.C. 20036
Tel: (202) 536-1700
Fax: (202) 536-1701
hrafatijo@brownrudnick.com
jspisak@brownrudnick.com

***Attorneys for Driving Innovation LLC***

15